IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 25-278 |
| LIANA BITTNER | ) | |
| | ) | |
| | ) | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and William Guappone, Assistant United States Attorney for said District, respectfully submits the following Memorandum in Aid of Sentencing.

Defendant, a trained medical doctor, purchased drugs from China through the Internet, and provided them to customers without any medical determination of whether the drugs were appropriate for the customers and without providing necessary warnings to the customers about the risks they faced in consuming the drugs. This is a serious offense. However, in balancing the seriousness of the offense with Defendant's acceptance of responsibility, and her apparent motive for the crime, which was not financial, the United States respectfully asks the Court to accept the parties' plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and sentence Defendant to two years of probation, together with a fine in an amount to be determined by the Court.

## I.      PROCEDURAL BACKGROUND

On December 4, 2025, Defendant pled guilty to one count of receipt and delivery of misbranded drugs, in violation of 18 U.S.C. §§ 331(c) and 333(a)(1). (Doc. 13). Sentencing is scheduled for April 15, 2026. (Doc. 16).

## II.  FACTUAL BACKGROUND

Defendant was a practicing Emergency Department physician who purchased tirzepatide, the active ingredient in certain weight-loss medications, from China through the Internet. From at least January 2024 to July 2024, she sold that tirzepatide to individuals in the Western District of Pennsylvania. Importantly, the tirzepatide she purchased was not made in an establishment that was registered with the Food and Drug Administration ("FDA"), and was not reviewed or approved by the FDA.[1]

In determining whether to provide the drug to her customers, Defendant did not conduct any  medical examinations, or otherwise determine whether the patients were appropriate recipients of the drug. When she provided the drugs, they were misbranded for a variety of reasons, including that they did not have adequate warnings against use. For example, the drugs did not carry with them certain "black box" warnings that FDA-approved drugs for which tirzepatide is the active ingredient are required to contain.

Defendant's motive for this crime does not appear to have been financial. She sold the drugs to customers at or near her cost in obtaining the drugs. In other words, her only apparent motivation was a desire to give other people what they wanted, in this case, tirzepatide. Moreover, when she was approached by her supervisors about selling tirzepatide at the hospital, she readily admitted to the misconduct. She also took the unusual step of meeting with law enforcement to discuss her offense after she obtained legal representation in this criminal investigation, even though she had no hope of getting cooperation credit in doing so. Defendant was open and honest throughout that meeting, taking responsibility for her offense and

---

[1] As part of this investigation, law enforcement obtained one vial that Defendant provided to one of her customers. The FDA performed tests on what was received and, thankfully, it appears to be tirzepatide.

answering all questions put to her.

### III.     CALCULATING THE GUIDELINES

The parties agree that, as the PSR states, the total offense level here is 4 and Defendant is in criminal history category I, resulting in a Guidelines range of 0-6 months of imprisonment. (PSR at 11).

### IV.     THE 3553(a) FACTORS AND RESTITUTION

Defendant's offense is serious in that it potentially placed her customers at risk. She purchased unapproved drugs and gave them to customers for whom the drugs may not have been appropriate. Because the drugs were unapproved, they could have easily been counterfeit, or could have contained dangerous substances. Her customers were, however, aware that the drugs she was obtaining for them were being purchased from China through the Internet, not from American pharmacies. Indeed, many of her customers are grateful for Defendant's sale of tirzepatide to them, though one customer believes that the tirzepatide caused incredibly serious medical complications for her, which are the topic of a separate civil lawsuit.

Upon consideration of the seriousness of Defendant's offense, her prompt acceptance of responsibility, the exceptional step she took in coming in to speak to law enforcement to describe her misconduct, and Defendant's lack of criminal record, the United States submits that a sentence that is sufficient but not greater than necessary is the one agreed to by the parties. The United States therefore asks the Court to accept the parties' plea agreement and sentence Defendant to two years of probation, together with any fine the Court deems appropriate, and a special assessment of $25.

Respectfully submitted,

TROY RIVETTI
United States Attorney

/s/ William B. Guappone
WILLIAM B. GUAPPONE
Assistant U.S. Attorney
NC ID No. 46075